[Civ. No. 3677. Second Appellate District, Division Two.—April 5, 1922.]

## PHILIP DYMENT, Appellant, v. THE BOARD OF MEDICAL EXAMINERS et al., Respondents.

[1] MEDICAL PRACTICE ACT — SUFFICIENCY OF COMPLAINT — RIGHT OF ACCUSED TO TEST BY DEMURRER. — A person to whom the state board of medical examiners has issued a certificate authorizing him to practice medicine and surgery, when charged with a violation of the Medical Practice Act, has the right to test the sufficiency of the complaint against him while the proceeding is before the medical board, either by demurrer or after some other method.

[2] ID.—PROCURING OF CERTIFICATE BY FRAUD AND MISREPRESENTATION —INSUFFICIENT COMPLAINT.—A complaint charging the holder of a "reciprocity certificate" to practice medicine and surgery in this state "with having been guilty of unprofessional conduct by violating Section 14 of Chapter 354 of the Statutes of 1913 and acts amendatory thereof of the State of California, in that he . . . procured by fraud and misrepresentation a certificate to practice medicine and surgery in the State of California," is insufficient, in that it fails to state the facts constituting the alleged fraud and misrepresentation.

[3] ID. — TEST OF SUFFICIENCY OF COMPLAINT — TIME OF HEARING. — While a person charged with a violation of the Medical Practice Act may at the hearing object either formally or informally to the sufficiency of the complaint against him, it is not necessary for the board of medical examiners to determine the sufficiency of that complaint prior to the time of the hearing thereof. (Opinion of supreme court on denial of hearing.)

[4] ID.—INSUFFICIENT COMPLAINT—DEMURRER—ANNULMENT OF CERTIFICATE—CERTIORARI.—Whether a person charged with a violation of the Medical Practice Act does or does not object to the sufficiency of the complaint against him, the complaint must be sufficient in its statement of facts to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke his certificate, and if a revocation is ordered on such a complaint the holder thereof may maintain a proceeding in certiorari to have it annulled for the want of jurisdiction of the board to make the order, as well where he did not make the objection to the board as where he did object. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles S. Burnell, Judge.   Reversed.

The facts are stated in the opinion of the court.

L. E. Dadmun for Appellant.

Harry A. Encell, Frank M. Smith and Charles D. Ballard for Respondents.

WORKS, J.—On December 21, 1917, respondent Board of Medical Examiners of the State of California issued to petitioner a certificate authorizing him to practice medicine and surgery.   The document was of the kind known as a reciprocity certificate, that term being applied to a certificate issued without examination, under section 13 of the Medical

Practice Act (Stats. 1913, p. 722, as amended Stats. 1917, p. 107), upon the production by an applicant for leave to practice medicine and surgery in California of a license certificate issued by the medical board of a sister state. Section 14 of the same act as amended (Stats. 1917, p. 109) authorizes the board of medical examiners to revoke any certificate issued by it when procured by the fraud and misrepresentation of the applicant. On August 30, 1920, there was filed with the board a complaint that petitioner had procured his reciprocity certificate through fraud and misrepresentation, and, after steps taken to acquire jurisdiction over petitioner and on October 19, 1920, the board made its order revoking the certificate. Thereafter petitioner applied to the superior court for a writ of review in the premises and it was issued. Upon a hearing pursuant to the writ judgment was rendered affirming the order of the board and petitioner appeals from the judgment.

In response to the complaint filed with the medical board appellant presented to that body a letter signed by himself in which, among other things, it is said: "The said Philip Dyment hereby demurs to the charges in the Complaint. . . . Said demurrer is to the effect that the Complaint is deficient in that it is not sufficiently definite and specific. . . . Inasmuch as Section 14, Chapter 354, of the statutes of 1913 set out Twelve distinct and separate definitions of 'Unprofessional Conduct' the defendant Philip Dyment demands to know and has a right to know which particular statute he is accused of violating and how. If on receipt of such amended charges and specifications I find that the charges are then sufficiently definite, specific and sufficient to warrant a proper defense, I will make my answer according to the provisions of said Section 14." This letter was plainly effective as a demurrer to the complaint, but the medical board, going forward upon the theory that only an answer on the facts under oath was permissible under the statute, proceeded in the absence of appellant to try the charges against him as upon a default and after the time fixed by the statute for answering had elapsed, with the result that the certificate of appellant was revoked as already stated. The board never at any time passed upon the demurrer.

[1] Appellant contends that he had the right to demur to the complaint and that the medical board had no jurisdiction to proceed under the charge against him without a ruling upon the demurrer which he presented. Respondents, on the contrary, insist that the right to demur does not exist in the case of such proceedings as that instituted before respondent medical board against appellant. It is true that the enactment regulating such proceedings does not provide for demurrers. As the statute stood at the time the charge against appellant was pending (Stats. 1917, p. 109), one against whom complaint was made before the board was required to "file his written answer, under oath, within twenty days next after the service on him" of the citation provided for in the act. This is far from meaning, however, that such a person might not demur, or might not by some other method object to the sufficiency of the written charge lodged against him. The right to present such a question in every form of action or proceeding, whether civil, criminal, or *quasi*-criminal, is practically universal under the genius of Anglo-Saxon institutions, if not under all systems for the administration of justice. It may almost be said to be a natural right, for the idea that a man may be brought to trial upon an insufficient charge is opposed to the sense of justice inherent in the human breast. This fact has found tacit recognition in many cases in which proceedings such as that pressed against appellant before the medical board have been brought in question in the courts. The regularly constituted judicial tribunals have uniformly considered the question of the legal sufficiency of complaints making such charges whenever the point has been presented to them under writs of review or in kindred proceedings (*Munk* v. *Frink*, 75 Neb. 172 [106 N. W. 425]; *Board of Medical Examiners* v. *Eisen*, 61 Or. 492 [123 Pac. 52]: *Richardson* v. *Simpson*, 88 Kan. 684 [43 L. R. A. (N. S.) 911, 129 Pac. 1128]; *Freeman* v. *State Board*, 54 Okl. 531 [L. R. A. 1918D, 436, 154 Pac. 56]; *State Board* v. *Jordan*, 92 Wash. 234 [158 Pac. 982]), the courts of our own state being among those which have held this attitude (*Lanterman* v. *Anderson*, 36 Cal. App. 472 [172 Pac. 625]; *Suckow* v. *Alderson*, 182 Cal. 247 [187 Pac. 965].) If such a question is to arise concerning these complaints—and we have already said that upon principles inherent to the administration of

justice it must arise—the place for its initial presentation is before the tribunal with which the complaint is originally lodged. If a charge against a physician is made to a board of medical examiners it is due the board that the question of the sufficiency of the complaint be ascertained at once, rather than after the proceeding has been terminated before the board and has gone to the courts, with the possible result that the board's order of revocation is annulled because of defects in the charge. A solution of the question before the board is equally due the practitioner complained against. The settlement of the point while the proceeding is yet before the initial tribunal will not only conduce to a more speedy administration of justice in the interest of all concerned— and the interest of the general public in such a question is far from negligible—but it will conduce to a great saving of expense to those directly interested. We conclude that appellant had the right to test the sufficiency of the complaint against him while the proceeding was yet before the board, either by demurrer or after some other method, and that the board was in error in proceeding to a hearing on the facts without passing upon the demurrer which was interposed by appellant. Because of the conclusion reached by us on the point next to be considered, we need not express an opinion upon the question whether, in cases in which a complaint is finally determined to be sufficient, a respondent in such a proceeding must have filed his answer under oath at the same time with his demurrer, or, at least, within the twenty days fixed by statute for answer, or suffer default upon the overruling of the demurrer.

[2] Appellant contends not only that he had the right to demur to the complaint against him filed with the medical board, but that the demurrer should have been sustained. This is the only remaining point made by appellant which we shall consider. The complaint fails to state the facts constituting the fraud and misrepresentation by means of which it is alleged that appellant procured his reciprocity certificate. The averment is that the person making the complaint "charges Philip Dyment with having been guilty of unprofessional conduct by violating Section 14 of Chapter 354 of the Statutes of 1913 and acts amendatory thereof of the State of California, in that he, Philip Dyment, procured by fraud and misrepresentation a certificate to practice medicine and

surgery in the State of California.'' We are of the opinion that the complaint is insufficient. It is, of course, needless to cite authorities upon the proposition that neither as to pleadings nor as to evidence must the procedure in trials before medical boards be marked by the refinements and subtleties which are characteristic of the conduct of actions in courts of law. The cases upon this point are both uniform and numerous. Still, giving to the rule its full scope, a complaint in such a proceeding must give an alleged erring practitioner such notice of the nature of the charge against him as will enable him to formulate a defense (*Munk* v. *Frink, supra; Richardson* v. *Simpson, supra; Freeman* v. *State Board, supra*). This the complaint now before us does not do. It is probably not possible to conceive of the many different practices by means of which an applicant fraudulently might procure the issuance to him of a certificate licensing him to practice medicine and surgery, and a complaint against him for having brought such an attempt to fruition ought to notify him of the specific acts committed by him in the attempt.

The work done by the medical boards of the various states in purging the ranks of the medical profession of quacks and charlatans is a most commendable one. The public interest demands the prosecution of that work with vigor, dispatch, and thoroughness and without undue interference by the courts. It is equally important, however, that no man be brought to trial, even before a medical board, upon a charge which does not notify him of the nature of the offense attempted to be pleaded against him.

It is due the California medical board in the present instance to observe that the body acted under legal advice at all stages of the proceeding before it, and it is not surprising that the views of its counsel should have been followed. We, however, cannot be satisfied that the advice given was sound.

Judgment reversed, with directions to the trial court to enter judgment annulling the order made by the Board of Medical Examiners of the State of California by which the reciprocity certificate of appellant was revoked, and directing the board to take such further proceedings as it may be advised to take in the proceeding against appellant pending

before it, all in accordance with the views expressed in this opinion.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 3, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1922, and the following opinion then rendered thereon:

THE COURT.—We are satisfied with the conclusion of the district court of appeal that the complaint made to the Board of Medical Examiners is not in law a sufficient charge of unprofessional conduct to give the board jurisdiction to revoke the certificate or license authorizing the appellant to practice medicine. It contains no specific allegations of fact, but merely states that he "procured by fraud and misrepresentation a certificate to practice medicine." Such method of charging fraud has always been held insufficient; the specific facts must be stated. (9 Ency. of Pl. & Pr. 686; 31 Cyc. 55.) ·

[3] But we do not agree with the theory that it was necessary for the board to determine the sufficiency of that complaint prior to the time of the hearing thereof. The act does not contemplate a formal method of procedure. The person charged may at the hearing object either formally or informally to the sufficiency of the complaint. [4] But, whether he does or not, the complaint must be sufficient in its statement of facts to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke his certificate, and if a revocation is ordered on such a complaint the holder thereof may maintain a proceeding in *certiorari* to have it annulled for the want of jurisdiction of the board to make the order, as well where he did not make the objection to the board as where he did object.

The petition for a rehearing in the supreme court is denied.

Shaw, C. J., Lawlor, J., Wilbur, J., Lennon, J., Sloane, J., Shurtleff, J., and Waste, J., concurred.