[Civ. No. 5493. Third Appellate District.—April 4, 1936.]

BAILEY D. GIPNER, Appellant, v. THE STATE CIVIL SERVICE COMMISSION et al., Respondents.

Honey & Mayall and Von Detten, Henry & Goodrum for Appellant.

U. S. Webb, Attorney-General, and Darwin Bryan, Deputy Attorney-General, for Respondents.

THOMPSON, J.—This is an appeal from an order sustaining a demurrer to a petition for a writ of *certiorari* on the ground that the petition fails to state facts sufficient to constitute a cause of action.

The petition alleges that Bailey D. Gipner is a permanent civil service employee who was designated as manager of the division of state employment agencies of the department of industrial relations, under the supervision of W. A. Granfield, at the city of Stockton. November 22, 1934, written charges for his removal were preferred against him under the provisions of section 14 of the Civil Service Act of California. (Stats. 1913, p. 1035, and amendments thereto; 1 Deering's Gen. Laws of California of 1931, p. 621, Act 1400, sec. 14.) The petitioner was therein charged with: (a) insubordination, (b) wilful disobedience, (c) improper political activity, (d)

failure of good behavior, (e) acts incompatible with and inimical to the public service.

In support of these general charges the following particular specifications were made:

"1. That in the month of November, 1933, said respondent, while on duty as such Manager, wilfully rendered incorrect statistical reports relative to the placing of applicants for work contrary to and in violation of the rules of the Division of State Employment Agencies;

"2. That while on duty as such Manager, respondent permitted the use of registration rolls of unemployed of said Division as a mailing list for political purposes contrary to and in violation of the rules of said Division;

"3. That while on duty as such Manager, respondent caused two men to be appointed from the CWA and SERA rolls, and as such Manager directed said two men so appointed to advise those applying to said Division for work or assistance concerning their future political attitude; that the aforesaid was the sole duty assigned to said two men so appointed;

"4. That while on duty as such Manager, respondent personally on numerous occasions placed political literature in the waiting rooms of the Stockton Office of said Division;

"5. That on or about September 24th, 1934, respondent, while on duty as such Manager, requested and received complainant's permission to go to Yosemite Valley in connection with certain official business of said Division; that respondent did not on said occasion go to Yosemite Valley in connection with certain official business of said Division; that respondent did not on said occasion go to Yosemite Valley as aforesaid, but did on said occasion, without the consent of complainant, absent himself from the office of said Division for the purpose of engaging in certain political activities in the City of Woodland, California, on behalf of certain candidates for public office;

"6. That while on duty as such Manager, respondent did on certain occasions deliver to certain persons in the City of Stockton, California, for political purposes, certain records and property of said Division, and did allow said persons to read and copy certain correspondence of said Division, all contrary to and in violation of the rules of said Division."

To these accusations the petitioner filed a special demurrer on the ground that they fail to state facts sufficient to consti-

tute grounds for dismissal or to confer jurisdiction upon the Civil Service Commission to hear or determine the charges, for the reason that the several allegations are uncertain and not specific enough to enable the accused to prepare or present a defense thereto. The demurrer was overruled, and an answer was filed denying each of the charges. The cause was duly set for hearing, at which time the petitioner appeared before the commission represented by counsel. A motion to dismiss the proceedings on the same ground assigned in the demurrer was presented and denied. The cause was heard by the commission and evidence was adduced in support of the charges. The petitioner refused to introduce evidence in his own behalf. Thereupon the commission adopted findings in support of each of the charges and filed its written decision holding the petitioner to be guilty of the charges and discharging him from the service.

Thereupon a petition for a writ of review was filed in the Superior Court of San Joaquin County, in which the preceding facts were alleged. To this petition for a writ of *certiorari* the commission demurred on the ground that it fails to state facts sufficient to constitute a cause of action. The demurrer was sustained and the petitioner was denied leave to amend his petition. It was sustained on the theory that the charges which were filed with the Civil Service Commission sufficiently stated a cause of action against the employee to confer jurisdiction on the commission to hear and determine the accusations; that its action did not constitute an excess of jurisdiction and that *certiorari* therefore does not lie to review its proceedings. Subsequently, on motion, the petition for a writ of *certiorari* was dismissed. From the order sustaining the last-mentioned demurrer without leave to amend, and from the judgment dismissing the petition for a writ of *certiorari,* the petitioner has appealed.

The only question which is involved on this appeal is whether, as a matter of law, the accusations which were filed against the petitioner with the Civil Service Commission were sufficiently specific to confer jurisdiction upon that board to hear and determine the charges.

█ *Certiorari* will lie to review an order of the Civil Service Commission discharging an employee for cause under the provisions of section 14 of the Civil Service Act of California when the written accusations wholly fail to state facts suffi-

cient to constitute a cause of action so as to confer jurisdiction upon the board to hear and determine the charges. (*Dyment* v. *Board of Medical Examiners*, 57 Cal. App. 260 [207 Pac. 409] ; *Rapaport* v. *Civil Service Commission*, 134 Cal. App. 319 [25 Pac. (2d) 265] ; secs. 1068, 1074, Code Civ. Proc.) In the Dyment case, *supra*, with respect to the application of a writ of *certiorari* to review an order of the board of medical examiners of the state of California revoking the license of a physician for alleged unprofessional conduct, it is said :

"The complaint must be sufficient in its statement of facts to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke his certificate, and if a revocation is ordered on such a complaint the holder thereof may maintain a proceeding in *certiorari* to have it annulled for the want of jurisdiction of the board to make the order."

We are of the opinion the accusations which were filed with the Civil Service Commission against the petitioner in the present case are sufficiently specific to constitute a cause of action under the provisions of section 14 of the Civil Service Act so as to confer jurisdiction upon the commission to hear and determine the charges. It is true that the law provides that the "charges must be made in writing and clearly state the specific act or acts of the employee constituting such cause."

If the allegations of a complaint are sufficient to state a cause of action so as to confer jurisdiction on the commission, inartistic, uncertain or defective as the allegations may be, erroneous rulings of the board may not be reviewed by means of *certiorari*, for having jurisdiction of the subject-matter and the parties, the determination of the commission is not subject to review regardless of whether it determined the matter right or wrong. (*Erickson* v. *Municipal Court of City and County of San Francisco*, 219 Cal. 737 [29 Pac. (2d) 192] ; *Matter of Hughes*, 159 Cal. 360 [113 Pac. 684] ; 4 Cal. Jur. 1036, sec. 14.) In the Hughes case, *supra*, it is said in that regard :

"The Supreme Court has jurisdiction in *certiorari* to review a judgment of the Superior Court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of

jurisdiction, or as the code expresses it, 'the review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board or officer'. (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it. This has been repeatedly stated in former decisions of this court.

" 'Mere irregularity intervening in the exercise of an admitted jurisdiction—mere mistakes of law committed in conducting the proceedings in an inquiry which the board had power to entertain— . . . are not to be considered here upon *certiorari*, otherwise that writ is to be turned into a writ of error.' "

It follows from the preceding authority that if the allegations of the charges in the present case are sufficiently specific to confer jurisdiction on the commission to hear and determine them the order dismissing the petitioner should be affirmed even though the commission erred in not sustaining the demurrer to the accusations. ▮ In determining whether the written charges are sufficiently specific to constitute a cause of action we should recall the fact that the same strict rules of pleading and procedure which are applicable to courts of record do not apply to inferior tribunals. In the case of *Anderson* v. *Board of Medical Examiners,* 117 Cal. App. 113, 115 [3 Pac. (2d) 344], it is said in that regard:

"It is well settled in this state that proceedings before the Board of Medical Examiners are not to be governed by the technical rules of pleading which may be invoked in criminal actions. (20 Cal. Jur. 1063; *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965]; *Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260 [207 Pac. 409, 411].) In this regard the court in the latter case says, 'It is, of course, needless to cite authorities upon the proposition that neither as to pleadings nor as to evidence must the procedure in trials before medical boards be marked by the refinements and subtleties which are

characteristic of the conduct of actions in courts of law. The cases upon this point are both uniform and numerous.' ''

█ If the charges which were filed against the petitioner are included within the inhibitions of section 14 of the Civil Service Act, and any one of the accusations is sufficiently specific in regard to circumstances and date to allow the accused to identify the transaction and understand the nature of the alleged offense to enable him to present his defense thereto, they are sufficient to confer jurisdiction on the commission, and the superior court, under such circumstances, was justified in sustaining the demurrer to the petition for a writ of *certiorari* which is based thereon. We think the allegations of the charges which were filed sufficiently state a cause of action which conferred jurisdiction on the commission and that the demurrer to the petition for a writ of *certiorari* was therefore properly sustained.

The Civil Service Act authorizes the removal of an employee for ''incompetency, inefficiency, insubordination, dishonesty, intemperance, immorality, profanity, discourteous treatment of the public or other employees, improper political activity, wilful disobedience, . . . or for any other failure of good behavior or any other act or acts which are incompatible with or inimical to the public service''. The first specification of the charge which was filed in this proceeding recites that ''In the month of November, 1933, said respondent, while on duty as such manager, *wilfully* rendered incorrect statistical reports relative to the placing of applicants for work contrary to and in violation of the rules of the Division of State Employment Agencies.'' This language clearly charges the petitioner, as manager of the division of state employment agencies with ''wilfully rendering'' to his department false reports regarding the employment or placing of applicants for work. Clearly the *wilful* rendering of such false reports constitutes conduct which is not only dishonest and reprehensible, but also inimical to the welfare of public service.

█ The fourth specification charges ''That while on duty as such manager, respondent personally *on numerous occasions* placed political literature in the waiting rooms of the Stockton office of said Division.'' Clearly this conduct constitutes ''improper political activity'' which is inimical to good public service. The general charge accused him of ''improper political activity''. This was a continuing offense. It requires

no more specific recitation of dates to inform the petitioner of the nature of this charge.

In effect the fifth specification alleges that on September 24, 1934, while the petitioner was on duty as manager of the division of state employment agencies, he deceived his superior officer in that department by misrepresentations and procured leave to go to the Yosemite Valley on official business connected with the department and instead of employing his time in behalf of the state according to his representations, he failed to go to the Yosemite Valley, but on the contrary, he went to Woodland and engaged in political activities in behalf of certain candidates for political offices. This conduct constitutes insubordination, dishonesty, wilful disobedience, improper political activity and acts inimical to the public service. This accusation is sufficiently specific with relation to the time and circumstances to inform petitioner of the exact nature of the dereliction of duty with which he was charged. The statute does provide that it is only "improper" political activities which are prohibited. But certainly a civil service employee may not deceive his superior officer, fraudulently procure a leave of absence from his office on the pretense of rendering official services for his department in a specified locality, and then employ that time in political activities in another city "on behalf of certain candidates for public office", and defend such conduct on the plea that the activity in behalf of those candidates for public office was proper. We are persuaded the very nature of his conduct renders the political activity improper. It was unnecessary to specifically allege that it was improper. Moreover, at the beginning of the accusation he was charged with *"improper political activity"*.

We are satisfied that the written charges which were filed with the commission against the petitioner allege facts sufficient to constitute a cause of action so as to confer jurisdiction on the Civil Service Commission, and that the superior court properly sustained the demurrer to the petition for a writ of *certiorari* without leave to amend the pleading. The judgment of dismissal was therefore properly rendered.

The order sustaining the demurrer and the judgment are affirmed.

Pullen, P. J., and Plummer, J., concurred.