[Civ. No. 5653.   Fourth Dist.   Apr. 30, 1958.]

JULIUS ALUISI, Respondent, v. COUNTY OF FRESNO et al., Appellants.

LOUIS R. BOYD, Respondent, v. COUNTY OF FRESNO et al., Appellants.

Robert M. Wash, County Counsel, and Spencer Thomas, Jr., Assistant County Counsel, for Appellants.

J. W. Ehrlich and Jack Miller for Respondents.

MUSSELL, J.—In these proceedings in mandamus petitioners Louis R. Boyd and Julius Aluisi sought a judicial review in the superior court of the decision of the Civil Service Commission of Fresno County upholding the order of the sheriff of said county discharging petitioners from their positions as deputy sheriffs on charges of inexcusable neglect of duty, immorality, insubordination, and dishonesty. The principal grounds upon which petitioners sought relief by way of writ of mandate were (1) That such civil service commission prejudicially abused its discretion in rendering a decision not supported by substantial evidence in the light of the whole record; and (2) That the transcript of the proceedings before the commission, filed with and incorporated by reference in the amended petition, is incomplete, that there was material testimony missing from it, and that petitioners were not given a fair and impartial trial during the hearing held before said commission.

On September 26, 1956, petitioners were dismissed from their positions as deputy sheriffs upon orders of the sheriff charging them with inexcusable neglect of duty and specifying that on or about September 10, 1956, while assigned to patrol duty in uniform and driving an official sheriff's car, Aluisi and Boyd went to a walnut grove located on Maple Avenue near Church Avenue in Fresno County, a location out of the patrol area then assigned to them and there remained in the company of three juvenile girls until the end of their tour of duty. The orders further alleged that this trip to the walnut grove was not in the performance of any assigned duty and that the radio operator was required to call the officers on the sheriff's radio to inquire as to their estimated time of arrival at headquarters.

On November 7, 1956, the sheriff served on each of the petitioners and filed with the civil service commission an amended order in which were alleged additional charges of inexcusable neglect of duty, immorality, insubordination, and dishonesty. Appeals from these orders were filed with the civil service commission and an extensive hearing was conducted thereon by it. On December 27, 1956, the commission rendered its findings and decision upholding the sheriff's amended orders for removal on all the specifications of misconduct charged except that of immorality. Petitioners then filed the present proceedings for review of the decision of the commission.

The record presented to the trial court shows that due to

unavailability of a competent shorthand reporter at the time set for the hearing, the civil service commission used an electrical device for the purpose of recording the proceedings and as a result the typewritten record of the proceedings is incomplete. The record of the proceedings is contained in petitioners' exhibits numbers one, two and three, purporting to be a record of the testimony received before the commission. These exhibits were supplemented by copies of writings used at the hearing. The record also contains the affidavit of Henry A. Hunter, secretary of the Civil Service Commission certifying "that the foregoing transcript contains a full, true and correct transcript of the recorded testimony and proceedings made upon Soundscriber discs Numbers 1 to 30 during the hearing in the foregoing matter *with the exception of such portions as were inaudible because of a defect in the discs or were indistinguishable because of two or more persons talking at the same time or because of disturbing noises picked up by the recorder.*" (Emphasis added.) This certificate was attached to exhibit number one. The inaccuracies and incompleteness of the balance of the recording is shown clearly by the affidavit of Lawrence F. Curneen, an experienced transcriber who attempted to furnish a detailed transcript from discs 31 to 61. His affidavit is as follows:

"Lawrence F. Curneen, being first duly sworn deposes and says:

"That he is a competent transcriber; that he is employed by Earl Christiansen and Associates, Reporters; that he was furnished with discs Nos. 31-61, which were electrical transcripts of the proceedings before the Civil Service Commission, wherein a hearing was held on the appeals of Louis R. Boyd and Julius Aluisi; *that said records were incomplete and contained numerous flaws and omissions, and because of said flaws and omissions, and because portions of the said testimony were inaudible, it was impossible to make a complete transcript of the proceedings; that petitioners' Exhibits Nos. 2 and 3 in evidence herein were prepared by your affiant, and for the reasons herein contained, they are incomplete.*" (Emphasis added.)

The trial court found, inter alia, that the records or discs which were furnished to the transcribers were incomplete and contained numerous flaws and omissions and, because of such flaws and omissions and because portions of said testimony were inaudible, it was impossible to make a full and complete transcript of the proceedings; that because a complete and

accurate record of the evidence was not made and preserved by the commission, petitioners were denied due process of law, and that the court is without the whole record and cannot perform its duty in reviewing the evidence in the manner and form required by law; that the transcript, as evidenced by petitioners' exhibits numbers one, two and three, is materially incomplete and that there is testimony missing therefrom which is necessary and material in trying the issue of whether the decision of the commission was supported by substantial evidence at the hearing, and that said transcript does not contain a substantially complete record nor a whole record as required by law. Judgment was entered ordering the issuance of a peremptory writ of mandate requiring the commission to set aside and annul its decisions and ordering it to rehear and reconsider the case of each and both of petitioners within a reasonable time. Respondents-appellants herein, on appeal from the judgment, claim that the trial court erred in refusing to review the record before it and that the findings are not supported by the evidence.

The rule is well settled that on an application for a writ of mandate to review an order of a local quasi-judicial body such as the civil service commission in the present case, the trial court does not have the right to judge the intrinsic value of the evidence or to weigh it. The power of the court is confined to whether there was substantial evidence before the commission to support its findings. (*Damiani* v. *Albert,* 48 Cal.2d 15, 17 [306 P.2d 780].)

Section 1094.5 of the Code of Civil Procedure prescribes the procedure on hearings for the writs of mandate herein. Subsection (c) of said section reads as follows:

"Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence; and in all other cases abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record."

In 2 California Jurisprudence 2d, section 100, page 188, it is said that inasmuch as procedural due process in administrative adjudications requires that the proceedings be subject to judicial review, a record of the proceedings adequate to enable a court to pass upon the validity of the administrative action is required; that due process requires the preservation of a record of adjudicative administrative proceedings affect-

ing vested rights is further indicated by the statutory provision for a judicial review of the evidence in such proceedings. Citing Code of Civil Procedure, section 1094.5, subdivision (c).

In *Nishkian* v. *City of Long Beach,* 103 Cal.App.2d 749, 752 [230 P.2d 156], it was held that in proceedings before an administrative body, which are quasi-judicial in nature, witnesses should be sworn and examined, and a record made, upon which reviewing courts may be enabled to determine whether substantial evidence was or was not considered by the quasi-judicial body, and that the proceedings should be conducted in a quasi-judicial manner at least.

In 2 California Jurisprudence 2d, section 230, page 383, it is said that while the courts of this state have applied the statute (Code Civ. Proc., § 1094.5) without enlarging upon the significance of the phrase ''in the light of the whole record,'' its addition seems at least to require the court to examine the whole record and allow a petitioner to point out anything favorable to him therein, instead of following the old rule which required it only to see that the record contained substantial evidence to support the ruling under review and left it free to disregard the rest of the record.

In *Housman* v. *Board of Medical Examiners,* 84 Cal.App.2d 308, 313 [190 P.2d 653, 192 P.2d 45], the court said:

''Under subdivision (c) of section 1094.5, the court is limited to a determination of whether the board's findings are 'supported by substantial evidence in the light of the whole record.' The court must then, if the record is present, on the hearing of the order to show cause, examine the record. This does not mean that the entire board record must necessarily be read in open court; but a fair and full opportunity must be given petitioner to point out in the record the matters that he claims show the arbitrary action of the board.''

In *Garvin* v. *Chambers,* 195 Cal. 212, 225 [232 P. 696], in reviewing the ruling of a civil service board discharging a policeman for dereliction of duty, the court said, ''The safeguards which are ordinarily provided and invoked to protect reputation and rights in courts of justice should in substance be observed in proceedings of the character here under consideration.''

In the instant case the whole record was not prepared and petitioners were therefore unable to point out in it the matters which they claimed show arbitrary action of the Civil Service Commission.

Appellants argue that there is no absolute duty on the part

of the civil service commission to make a complete and verbatim transcription of the testimony at the hearing and that the record herein contains sufficient substantial evidence to support the decision of the commission. However, the commission found that the evidence was not sufficient to sustain the charges of immorality of petitioners. The testimony relied upon by the commission to sustain the findings as to the other charges contains many omissions of questions and answers, particularly those relating to duties of petitioners who were deprived of their permanent civil service status by the findings of the commission. The finding of the trial court that the record of the administrative proceeding which was before it was inadequate to enable it to pass upon the validity of the administrative action is supported by the record. Under the particular facts and circumstances of the instant case it appears that petitioners were entitled to a complete record of the hearing and that the judgment of the trial court requiring the commission to rehear and reconsider the charges against petitioners was proper.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.