[Civ. No. 31608.    Second Dist., Div. Three.    Aug. 30, 1968.]

FRANK A. GONSALVES et al., Plaintiffs and Appellants, v. CITY OF DAIRY VALLEY et al., Defendants and Respondents; DAIRYMEN'S FERTILIZER COOPERATIVE, INC., Intervener and Respondent.

Dannemeyer & Tuohey and Conrad G. Tuohey for Plaintiffs and Appellants.

Robert G. Beverly, City Attorney, and J. Kenneth Brown, Assistant City Attorney, for Defendants and Respondents.

Richards, Watson & Hemmerling and G. R. Watson for Intervener and Respondent.

SHINN, J.*—The proceeding is in mandate seeking annulment of the granting of a use permit by the City Council of the City of Dairy Valley for the establishment of a fertilizer plant. Upon the completion of the opening statement of petitioners the court granted a judgment of nonsuit under section 581c of the Code of Civil Procedure upon motion of the respondents. The petitioners appealed.

Dairymen's Fertilizer Cooperative, Inc., a nonprofit corporation, applied for a special use permit to stockpile fertilizer and operate a plant upon a described parcel of land within the city; protests were filed, a hearing was had upon notice, evidence was received, findings were made by the Council and the petition for a permit was granted.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The points on the appeal are (1) there cannot be a judgment of nonsuit pursuant to section 581c of the Code of Civil Procedure in a nonjury trial, (2) the judgment cannot be construed as having been granted under section 631.8 of the Code of Civil Procedure, (3) it was error to grant a nonsuit upon the opening statement of counsel, (4) plaintiffs were not required to file a replication to the answer, (5) the action of the council is reviewable in this proceeding, (6) action on zoning matters which is arbitrary, oppressive, fraudulent or confiscatory is judicially reviewable, (7) the ownership by the members of the City Council of stock in the corporate permittee can involve judicially reviewable arbitrary action, opression and fraud, and (8) the city's charter (Zoning Ordinance) requires findings by the Council which the Council failed to make.

Answers to the following questions are required: (1) was the granting of judgment of nonsuit in this nonjury case proper procedure, (2) in the opening statement of the petitioners were facts stated which would have justified a judgment annulling the action of the Council and (3) did the City Council fail to make findings which were essential to the granting of the permit.

Our answer to the first question is that the court followed procedure which is authorized by the Code of Civil Procedure. Our answer to the second question is that the facts upon which the petitioners relied and stated to the court were insufficient to prove that the action of the Council was invalid. As to the third question our answer is that the Council made proper and sufficient findings.

These conclusions necessitate affirmance of the judgment.

We consider first the contention of appellants that a judgment of nonsuit may not be granted in a case tried by the court upon motion of the defendant upon the completion of the opening statement of the plaintiff.

In 1961 section 581c was amended by the insertion of the words "in a trial by jury," causing the section to read, in pertinent part: "After the plaintiff has completed his opening statement, or the presentation of his evidence in a trial by jury, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit." At the same time section 631.8 was added[1] to pro-

---

[1] "§ 631.8. After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion

vide for a judgment on motion of the defendant in a trial by the court after the plaintiff has completed the presentation of his evidence. Thus, there are three situations under this combined procedure in which a defendant may move for judgment; (1) for judgment of nonsuit when the plaintiff has completed his opening statement; (2) for judgment of nonsuit in favor of the defendant in a trial by jury after the plaintiff has completed the presentation of his evidence and (3) for judgment on motion of the defendant in a trial by the court after the plaintiff has completed the presentation of his evidence.

Appellants argue that by the above-mentioned amendment of section 581c and the enactment of section 631.8 the right to a judgment of nonsuit upon the completion of the opening statement of the plaintiff in a nonjury case has been abolished.

Appellants cite *Estate of Pack*, 233 Cal.App.2d 74 [43 Cal. Rptr. 361], and other cases for the proposition that the procedure of nonsuit in nonjury cases has been abolished. We need not review these authorities. They are not in point. None of them involved a judgment of nonsuit on motion after the completion of the opening statement of the plaintiff. They explain that section 631.8 provides a new procedure for judgment on motion after the plaintiff has presented his evidence in nonjury cases and that under the amendment of section 581c a defendant who wishes to move for judgment at that stage of the trial in trial by the court must proceed under section 631.8.

Appellants' argument is predicated upon an ungrammatical and illogical reading of amended section 581c. Appellants say the words "in a trial by jury" qualify the phrase "after the plaintiff has completed his opening statement," just as they qualify the phrase "the presentation of his evidence," with the result that the right to a judgment of nonsuit upon completion of the opening statement applies only to jury trials. The argument accords no potency to the use of a comma in the separation of the two phrases, a most significant and efficacious use of this unit of punctuation. Appellants'

is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. Such motion may also be made and granted as to any counterclaim or cross-complaint.

"If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits."

interpretation is also illogical and unacceptable in that it would mean that a motion for nonsuit upon the completion of the opening statement could be made and granted in a jury case but not in a case tried by the court. This is not the law.

We consider next appellants' point which relates to the claim the councilmen were disqualified to act. It was alleged in the petition that each of the five councilmen was a stockholder in the cooperative, that a majority of those who voted to grant the permit were active in its operations, had determined in advance of the hearing to vote to grant the permit, had failed to disclose their stockholdings or to disqualify themselves, and it was alleged further that by reason of these facts the action of the Council was arbitrary, capricious and fraudulent. It was alleged in the answer, and not questioned by appellants, that stock in the corporation owned by the five councilmen amounted to 4.1 percent of the outstanding stock of the corporation.

In the opening statement of counsel the only fact asserted as the basis of the claim that the councilmen were disqualified to act upon the application for the permit was their ownership of 4.1 percent of the stock of the corporation.

Appellants rely upon the allegations of the petition with respect to their claim of invalidity of the Council's action, and its substantial repetition in their opening statement, to bring their case within the rule that action by an administrative body which is arbitrary, capricious or fraudulent is void and subject to annulment in an appropriate proceeding. (See *Saks & Co.* v. *City of Beverly Hills,* 107 Cal.App.2d 260 [237 P.2d 32].) Respondents, of course, do not question that this is the settled rule, but they deny that it is applicable to the facts upon which appellants rely. They say that appellants rely exclusively upon the fact that the councilmen owned stock in the corporation. We must agree.

The rule is well settled that where an administrative body has a duty to act upon a matter which is before it and is the only entity capable to act in the matter, the fact that the members may have a personal interest in the result of the action taken does not disqualify them to perform their duty. It is a rule of necessity which has been followed consistently. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 243-244 [259 P.2d 649]; *Caminetti* v. *Pacific Mut. L. Ins. Co.,* 22 Cal.2d 344, 366 [139 P.2d 908]; *Jeffery* v. *City of Salinas,* 232

Cal.App.2d 29, 40 [42 Cal.Rptr. 486]; *Aluisi* v. *County of Fresno*, 178 Cal.App.2d 443, 452 [2 Cal.Rptr. 779].)

In *Federal Construction Co.* v. *Curd*, 179 Cal. 489 [177 P. 469, 2 A.L.R. 1202], the board of trustees of the City of Porterville refused to approve assessments for street improvements which were under protest by property owners. The contractor who had performed the work sought mandate to annul the action of the board. The ground of the attack upon the refusal of the trustees to approve the assessment was that the three trustees who acted in the matter either owned or had interests in property which was subject to the assessments. After a thorough review of the authorities the court rejected the contention that the action of the trustees was invalid, stating ''It would thus seem to be settled that the interest which one or all of the members of the boards of supervisors, boards of trustees, city councils, or other municipal bodies charged with the making or rectifying of assessments for street or other improvements, may have, arising from the fact of their ownership of property directly affected by the proposed improvement, does not create such a disqualification to sit or act in the premises as to render their action void as not constituting due process of law.'' Appellants say the case is distinguishable on its facts from the instant case, and that if it cannot be distinguished it should be overruled. The argument is faulty in each respect; the claim that the ownership of the stock rendered the action of the council invalid is untenable.

■ Appellants' final contention is that the Council failed to make findings of facts which they claim are essential in the granting of a Zone Special Use Permit. The argument is that it was a prerequisite that the Council find that the granting of the permit was ''necessary for the preservation of a substantial property right of the owner.'' Such a finding is required in the granting of an exception from some particular restriction or restrictions of the zoning ordinance under section 502 of the same. Section 215 (c) of the ordinance provides for the establishment in the A-2 (Heavy Agricultural) zone of ''Fertilizer plant or works, provided that a permit has first been obtained from the City Council pursuant to the same procedure as is hereinafter prescribed for the granting of exceptions.'' A petition for an exception is insufficient unless it states (a) ''The exception is necessary for the preservation of a substantial property right of the owner'' and '' (b) Such .exception will not be materially detrimental to the public wel-

fare nor to the property of other persons located in the vicinity thereof." The cooperative did not own the property upon which it was intended to build the plant, did not apply for an exception, and did not in its petition allege the facts of (a) of section 502.

By its resolution the Council found in part:

"(3) That the granting of such permit would not be materially detrimental to the public welfare or to the property of other persons located in the vicinity thereof.

"(4) That the proposed use is a use permitted in the A-2-5 zone classification upon the obtaining of a permit from the City Council and that such proposed use is directly related to and a necessary service to the dairy industry of the City of Dairy Valley."

The contention that these findings were insufficient to justify the granting of the use permit is untenable.

Chapter VI of the ordinance (sections 601-616) prescribes the procedure with respect to any "permit, exception, or other approval." Provision is made for the filing of applications with supporting data, the giving of notice, a hearing, and in section 608 it is provided: "After a hearing by the Council from the evidence introduced at such hearing, by [*sic*] the Council shall make findings and take such action as in its opinion is indicated by such evidence." The Council followed this procedure. Evidence was received for and against granting the particular application under consideration and the findings were based upon the evidence. It is immaterial what findings would be required upon an application for an exception. There is no reason or logic in the contention that in a hearing of an application for a use permit the Council was required to make findings as to facts which were not involved, and would have required determination only upon an application for an exception.

At trial the plaintiffs contended that a use permit and a variance or exception are one and the same thing. They do not make that contention here. In substance they are entirely different. (*Tustin Heights Assn.* v. *Board of Supervisors,* 170 Cal.App.2d 619, 627 [339 P.2d 914].)

It is said by appellants in their closing brief that they alleged in their petition that the action of the councilmen was arbitrary, capricious and fraudulent, and that they should have been permitted to go to trial upon that issue. This characterization of the action of the councilmen as found in the petition was stated as a conclusion of the pleader, the sole

factual basis of which was the alleged bias and prejudice of the councilmen due to their ownership of stock in the cooperative. No other basis for the claim of disqualification was mentioned in the opening statement or the argument which followed.

It is also said in the closing brief that it was alleged in the petition that the operations of the permittee would constitute a nuisance. It is asserted that in a case in the Superior Court of Orange County "the same, precise operation here in issue was expressly found to be a nuisance." In the opening statement or in the argument no mention was made of the allegation of the petition that the operation of the plant would constitute a nuisance. It was stated by plaintiffs' attorney that he did not intend to retry the factual questions that had been determined by the Council and understood he would not have a right to retry them.

It is also contended in the closing brief that the action should not have been dismissed unless it clearly appeared "from all the facts alleged in the complaint and stated by counsel, and all favorable inferences to be deduced from them, that no cause of action exists." The reference to the claim of nuisance made in the closing brief is out of place. ▮ The contention that the motion should have been denied because the petition stated a cause of action is untenable. Even if the petition stated a cause of action for relief in this proceeding, which we do not decide, the court could not properly have looked to allegations of the petition which were not stated or referred to in the opening statement of plaintiffs.

Our conclusion is that the facts stated by plaintiffs' attorney as those the plaintiffs would rely upon in a trial, and did rely upon in resisting the motion, were insufficient as a ground for annulment of the action of the City Council; therefore, the motion was properly granted and the judgment should be affirmed.

The judgment is affirmed.

Ford, P. J., and Cobey, J., concurred.