[Civ. No. 4197. Third Appellate District.—September 26, 1933.]

WALTER RAPAPORT, Appellant, v. THE CIVIL SER-
VICE COMMISSION OF THE STATE OF CALI-
FORNIA et al., Respondents.

A. L. Wessels, Jesse E. Nichols and Harry M. Gross for Petitioner.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and Lilburn Gibson, District Attorney, for Respondents.

PLUMMER, J.—This cause is before us upon an appeal from the judgment of the trial court denying the application of the petitioner for a writ of *certiorari* annulling and setting aside the findings and judgment of the respondents dismissing the petitioner from his position as an assistant physician at the Mendocino State Hospital.

The return made by the respondents in this case is exceedingly voluminous, and the brief filed in behalf of the petitioner calls attention to many points of procedure alleged to be defective, which, from the views hereinafter set forth, need not be referred to in this opinion.

The charges filed against the petitioner upon which respondents based their judgment is in the following words and figures, to wit:

"Unprofessional Conduct: (a) In that you accepted from one S. H. Cox a fee for medical service in violation of Section 2157 of the Political Code of the State of California, which provides that assistant physicians shall not engage

in private practice, but shall devote their entire time and attention to the duties of their office.

"Inefficiency and Neglect of Duty: In that, on or about June 29, 1929, and on several occasions you failed to visit ward 7 of the Mendocino State Hospital, and that on or about June 22, 1929, and on several occasions you failed to visit ward 4 of the Mendocino State Hospital, which wards were a portion of the service assigned to you, in your professional capacity for several consecutive days, resulting in the patients of these wards being without medical attention during such periods."\

Charge "B", scheduled "Unprofessional Conduct", was dismissed by the commissioners and requires no further mention.

Section 14 of the Act No. 1400, Deering's General Laws of California, 1931, volume 1, page 630 [Stats. 1929, p. 252], relative to the powers of the Civil Service Commission, specifies the grounds upon which officers and employees may be removed, to wit: "Incompetency, inefficiency, insubordination, dishonesty, intemperance, immorality, profanity, discourteous treatment of the public, or other employees, improper political activity, wilful disobedience, violation of the provisions of this act or of the rules and regulations of the Commission, or for any other failure of good behavior or any other act or acts which are incompatible with or inimical to the public service."

Section 2157 of the Political Code reads as follows: "The medical superintendents and assistant physicians shall not engage in private practice, but shall devote their entire time to the duties of their positions. Nothing in this section shall, however, be regarded as prohibiting their giving necessary medical care and treatment to the officers and employees of a hospital, residing at the hospital, or in the immediate vicinity thereof, or in cases of emergency."

It will be observed that the charge which we have set forth does not cover the excepted provisions of section 2157, *supra*. This section of the code does not inhibit the private practice of a physician in so far as that practice and medical attention refers to officers and employees of a hospital, residing at the hospital, or in the immediate vicinity thereof, or in cases of emergency. There are no facts set

forth in the charge showing that the petitioner has violated the provisions of section 2157 of the Political Code. It does not prohibit a physician from accepting a fee for services performed in giving medical attention to officers or employees of the institution, residing at the hospital, or in the immediate vicinity thereof; nor does it inhibit either the medical superintendent, or any of the assistant physicians from giving medical attention in cases of emergency.

While not sufficient as a charge to show that the petitioner violated the section of the code referred to, the testimony shows beyond contradiction that the medical attention assigned as ''unprofessional conduct'' was given to an employee of the Mendocino State Hospital by the name of S. H. Cox, and that Cox paid him the sum of $50 for such services. No rules or regulations governing the conduct of assistant physicians of the Mendocino State Hospital or specifying that assistant physicians shall not accept compensation for rendering medical services to an employee of the institution have been called to our attention. If such rules and regulations exist, however, they would not supply the lack in the charge purporting to set forth unprofessional conduct, as there is no reference to any rule or provision forbidding a physician accepting such compensation. In fact, it is not set forth in the charge that the petitioner has been guilty of any private practice. The only charge is that he accepted a fee from one S. H. Cox in violation of section 2157, *supra,* which, as we have just shown, does not state a cause of action and does not set forth any circumstances or acts violative of law.

As to the second charge sustained by the commissioners, purporting to show inefficiency and neglect of duty, it is sufficient first to call attention to the fact that there is not a word in the charge indicating inefficiency, nor is there anything in the record called to our attention, indicating that the petitioner was either inefficient or incompetent, or has done any act coming within the provisions of section 14 of Act No. 1400, *supra.* The section does not purport to give the commission authority to discharge an employee on the ground of neglect. However, if the neglect were shown to be such as to be incompatible with or inimical to the public service, it might be that a liberal construction of the section would give the power of removal to the commis-

sion. This, however, is not alleged against the petitioner. We find only the simple statement that the petitioner on several occasions failed to visit ward 4 of the Mendocino State Hospital, and on several occasions failed to visit ward 7 of said hospital. There is no allegation that the public service was in any way impaired, nor that a single patient suffered by reason of such failure. Nor do we think that an allegation which simply says that a physician failed to visit a ward, without setting forth facts showing that such failure is wilful and intentional, gives the commission any jurisdiction. For aught that appears in the charge the failure might have been due to any number of sufficient causes. It does not appear that the petitioner purposely failed to visit either ward 4 or ward 7. For all that appears his services may have been required in other wards in the institution, and no time was given in which he could have visited the wards in question on the twenty-second day of June, 1929, or thereabouts. It may be here stated that a review of the testimony preponderates very greatly in favor of the petitioner that he did visit the wards in question on the days referred to. If the commission had jurisdiction, of course, on a conflict of evidence we would be bound by its findings.

█ If neglect of duty were specifically mentioned as a cause for removal, the charge filed against the petitioner would still be insufficient upon which to place petitioner upon trial. The mere failure to perform a certain act, with nothing more, does not constitute either a neglect of duty in fact or in law. The elements which we have mentioned showing either wilfulness, intention, design or inexcusableness must be present.

In 46 C. J., page 988, referring to the removal of officers for neglect of duty, we find the following: " 'Neglect of duty' means the careless or intentional failure to exercise due diligence in the performance of an official duty, the degree of care depending on the character of the duty, and includes, therefore, wilful neglect and such forms of misfeasance and malfeasance as involve a failure in the performance of the duties required by law. . . . In some cases, by constitution or statute, the refusal or neglect to perform the duties pertaining to the office is made a cause for re-

moval. Under such provisions it has been held that a public officer should not be removed from office unless he has refused or neglected to perform an official duty pertaining thereto in some substantial respect, which, under the existing conditions, would lead all reasonable minds to conclude that the act complained of was an intentional violation of law. But it is not necessary to show that the officer acted with no evil or corrupt intent or motive, it being sufficient if it appear that the act was done intentionally, designedly, without lawful excuse, and therefore was not accidentally done.''

In the case of *In re Chadbourne*, 15 Cal. App. 363 [114 Pac. 1012], this court had occasion to pass upon the meaning of the words ''neglect'' and ''omitted''. It was there held that the words are not synonymous; that to neglect means to omit by carelessness, design, etc. In the present case the allegation simply sets forth that the petitioner ''failed''. There is a difference in the meaning between the words ''neglect'' and ''failed''. The word ''failed'' in its primary meaning signifies, as used in the charge, that the plaintiff fell short of visiting the wards in question; while to charge the petitioner with neglect for such failure it must show, as we have stated, that it was the result of wilfulness, intention, design, or some deliberate purpose.

It may be also observed that there is no allegation that the petitioner wilfully failed, or intentionally failed or designedly failed. All it really amounts to is that the petitioner left unperformed his visits to the respective wards.

The language of the Supreme Court in denying a hearing in the case of *Dyment* v. *Board of Medical Examiners*, 57 Cal. App. 260 [207 Pac. 409, 412], is applicable here: ''The act does not contemplate a formal method of procedure. The person charged may, at the hearing, object either formally or informally to the sufficiency of the complaint. But whether he does or does not, the complaint must be sufficient in its statement of facts to show actual unprofessional conduct by the person charged, or it will not give the board power or jurisdiction to revoke his certificate, and if a revocation is ordered on such a complaint, the holder thereof may maintain a proceeding in *certiorari* to have it annulled for the want of jurisdiction of the board to make the order.''

The charges filed by the superintendent of the Mendocino State Hospital against petitioner not having stated any facts constituting cause for removal, the respondents in this case had no jurisdiction to make such order.

While other objections have been urged by the petitioner, what we have stated is decisive on this appeal.

It follows that the order of the superior court should be and the same is hereby reversed. That the order of the respondents, in removing the petitioner should be and the same is hereby annulled, and the cause remanded to the superior court with directions to enter judgment annulling the order of the respondent commission removing the petitioner as assistant physician at the Mendocino State Hospital.

Thompson, J., and Pullen, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1933.

Shenk, J., and Thompson, J., dissented.