[Crim. No. 13114. First Dist., Div. One. Oct. 18, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JUNE UNTIEDT, Defendant and Appellant.

## COUNSEL

Gary T. Lowenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Stan M. Helfman, Deputy Attorneys General, D. Lowell Jensen, District Attorney, and William A. McKinstry, Deputy District Attorney, for Plaintiff and Respondent.

Murdaugh Stuart Madden, Orrick, Herrington, Rowley & Sutcliffe and William L. Hoisington as Amici Curiae for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—This appeal has been transferred to our court from the Appellate Department of the Alameda County Superior Court, under the authority of rule 63 of the California Rules of Court.

Defendant June Untiedt had been found guilty by a jury of a violation of Penal Code section 597f in the Fremont-Newark-Union City Municipal Court. Upon her appeal from the judgment thereafter entered, the only question raised was whether the statute was unconstitutionally vague, and therefore void.

Section 597f, as relevant here, provides: "Every owner, driver, or possessor of any animal, who shall permit the same to be in any building, enclosure, lane, street, square, or lot, of any city, city and county, or judicial district, *without proper care and attention*, shall, on conviction, be deemed guilty of a misdemeanor. And it shall be the duty of any peace officer, officer of the humane society, or officer of a pound or animal regulation department of a public agency, to take possession of the animal *so abandoned or neglected* . . . ." (Italics added.)

 Defendant contends that the words "without proper care and attention" are "so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application," and that the statute therefore "violates the first essentials of due process of law." (See *Lanzetta v. New Jersey*, 306 U.S. 451, 453 [83 L.Ed. 888, 890, 59 S.Ct. 618]; *People v. Barksdale*, 8 Cal.3d 320, 327 [105 Cal.Rptr. 1, 503 P.2d 257]; *People v. McCaughan*, 49 Cal.2d 409, 414 [317 P.2d 974].) To illustrate the point she argues: "To the pampering suburban dog owner, 'proper care

and attention' may mean a wardrobe of clothes, three meals a day, a warm bed and hours of cuddling each week. On the other hand, a farmer may feel that a dog is provided 'proper care and attention' even if it is not allowed indoors at all."

■ The rule of statutory interpretation with which we are concerned is stated in *American Civil Liberties Union* v. *Board of Education,* 59 Cal. 2d 203, 218 [28 Cal.Rptr. 700, 379 P.2d 4] [cert. den., 375 U.S. 823 [11 L.Ed.2d 56, 84 S.Ct. 64]], as follows: " 'Reasonable certainty is all that is required. A statute will not be held void for uncertainty if any reasonable and practical construction can be given its language.' . . ."

And although certain words or phrases may themselves be vague, the "required meaning, certainty and lack of ambiguity" may nevertheless appear from the statute as a whole. (See *People* v. *Belous,* 71 Cal.2d 954, 960 [80 Cal.Rptr. 354, 458 P.2d 194] [cert. den., 397 U.S. 915 (25 L.Ed. 2d 96, 90 S.Ct. 920)]; *In re Newbern,* 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116].)

■ Turning now to section 597f, it is true, at least debatably, that the words "without proper care and attention" convey little certainty of meaning.[1] But it will be noted that the Legislature itself, on the face of the same statute, has declared that the animal of its concern, left "without care and attention," is one which has been *"abandoned or neglected."*

Thus the statute permits, and requires, the "reasonable and practical construction" (see *American Civil Liberties Union* v. *Board of Education, supra*) that it applies to animals abandoned or neglected and thus left without proper care and attention.

The terms "abandoned" and "neglected" as used in statutes have, insofar as we have been able to determine, never been held to be unconstitutionally vague or uncertain; nor do we find them to be.[2]

---

[1] The Idaho Supreme Court, construing language identical to that of the first sentence of section 597f, found erroneous a lower court ruling that the words "without proper care and attention" were "so indefinite as to be unconstitutional and void." (*State* v. *Groseclose* (1946) 67 Idaho 71 [171 P.2d 863, 866].)

[2] Abandon: "Abandonment is defined as the 'voluntary giving up of a thing by the owner because he no longer desires to possess it or to assert any right or dominion over it and is entirely indifferent as to what may become of it or as to who may thereafter possess it.' . . ." (*Martin* v. *Cassidy,* 149 Cal.App.2d 106, 110 [307 P.2d 981].)

Neglect: "[N]eglect means to omit by carelessness, design, etc." (*Rapaport* v. *Civil Service Commission,* 134 Cal.App. 319, 324 [25 P.2d 265]; and see *In re Chadbourne,* 15 Cal.App. 363, 370 [114 P. 1012].)

"The [word] 'neglect' . . . import[s] a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns; . . ." (Pen. Code, § 7, subd. 2.)

Nevertheless, we find it proper to more narrowly construe the statute's meaning, and thus limit the broad range of its possible application as suggested by defendant.

■ A statute must be so interpreted so as to give effect to the design and intent of the Legislature and to effectuate its evident objects and purposes (*Wholesale T. Dealers* v. *National etc. Co.,* 11 Cal.2d 634, 660 [82 P.2d 3, 118 A.L.R. 486]), and with reference to the evil to be cured thereby. (*Lowman* v. *Stafford,* 226 Cal.App.2d 31, 38 [37 Cal.Rptr. 681].)

■ Section 597f is found in a series of Penal Code sections consecutively numbered 597 through 597z. The obvious purpose of these statutes, q.v., is to prevent the active or passive infliction of unnecessary or unjustifiable pain or suffering, or cruelty, on animals by their owner, or keeper, or others. They are similar in scope and purpose to statutes found throughout the United States, which are commented upon by the editors of American Jurisprudence, Second, as follows: "The offense of cruelty to animals need not consist solely of active cruelty; passive cruelty—that is, omissions and neglect which cause or permit unnecessary or unjustifiable pain and suffering on the part of animals—is also ordinarily punishable under the statutes. The omissions and neglect which have been held to constitute cruelty consist primarily of failures by one having control or custody of an animal to do some act necessary for its well-being, as a failure to provide necessary sustenance, food, water, shelter, protection from the weather, or the like. . . ." (4 Am.Jur.2d, Animals, § 29, p. 280.)

Construing Penal Code section 597f in the light of the clear legislative purpose, we conclude that it proscribes the abandonment or neglect of animals, by their owners or keepers, under circumstances reasonably likely to result in the infliction of unjustifiable pain, or suffering, or cruelty upon them. So construed, section 597f is not "so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application," and is without constitutional defect.

■ We have resolved the only question presented on defendant's appeal. But in the interest of justice it seems proper to consider also whether the jury were properly instructed concerning the elements of the offense of which she was charged.

Among others, the jury were given the following instructions: "To constitute the offense charged you must find that the defendant was conscious, acting voluntarily, and that a reasonable man in the defendant's position

would have foreseen that harm to the dogs would result from the care that the defendant was giving them.

"Therefore, in the offense of which the defendant is charged there must be a joint operation of act or conduct and proof that the defendant was negligent in that she [voluntarily] did an act, or failed to act, from which harm to the [dogs] was reasonably foreseeable. In other words, foreseeable by a reasonably prudent person in the same position and under the same circumstances as defendant."

No trial contention was made that defendant had *abandoned* her animals. The foregoing instructions seem reasonably to have informed the jury that section 597f had been violated if defendant negligently committed acts, or negligently refrained from committing acts, as a result of which unjustifiable harm to the animals was reasonably foreseeable. Such conduct, if true, and we must presume the jury so found, would establish a lack of "proper care and attention" to, and "neglect" of, the animals, in violation of the statute. It is of no moment that the trial court might also have instructed that if defendant's conduct or omission was by *"design"* as distinguished from "carelessness" or negligence (see fn. 2, *ante*), it would also have been violative of section 597f. The omission could in no way have prejudiced defendant.

For the reasons stated, the judgment of the municipal court must be affirmed.

The judgment of the municipal court is affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied November 14, 1974, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1974.