Opinion
THE COURT.*
The People appeal from an order granting defendant’s motion that certain pit bull dogs be returned to him. The order was made pursuant to Penal Code section 599aa[1] We reverse, holding that defendant was convicted by his guilty plea of the violation of a provision of the Penal Code relating to the fighting of animals, and therefore was not entitled to the return of the dogs.
*Supp. 17 The defendant was charged with three counts of violating section 597c[2] and one count of violating section 597b.[3] As the result of a negotiated plea bargain he pleaded guilty to one of the section 597c counts and the remaining counts were dismissed.
The trial court took the position that the dogs should not be forfeited based solely upon its “finding” that section 599aa was not applicable because there had been no conviction under section 597b. Its ruling was in response to an argument that section 599aa applied only to a defendant convicted of violating section 597b. This argument and ruling misread the statute.
The only express reference to section 597b which is found in section 599aa is in the opening sentence. (See fn. 1, ante.) That sentence defines those officers who may seize birds, animals and other specified things.[4]
 The sentence does not define section 597b as the sole *Supp. 18 offense whose commission authorizes either the seizure or forfeiture of the animals. It is clear to us from the quoted language that if any Penal Code section relating to animal fighting is violated, the animals involved are to be forfeited upon the conviction of the person charged with the violation.
Further, sections 597b and 597c were enacted at the same time (Stats. 1905, ch. 519, § 2) as a codification of an earlier statute “.. . for the more effectual prevention of cruelty to animals.” (Code Commissioners’ notes to § 597, West’s Annot. Pen. Code.)
The two sections are “. . . found in a series of Penal Code sections consecutively numbered 597 through 597z. The obvious purpose of these statutes, q.v., is to prevent the active or passive infliction of unnecessary or unjustifiable pain or suffering, or cruelty, on animals by their owner, or keeper, or others.” (People v. Untiedt (1974) 42 Cal.App.3d 550, 554 [116 Cal.Rptr. 899].)
Section 599aa shares the same purpose. Each of the statutes must be construed in light of their clear legislative purpose. (Id.) In light of that purpose it would make no sense to forbid the return of animals used in fighting to one convicted of violating section 597b and to command the return of animals to another convicted of violating another statute in the same series, particularly when the language of section 599aa expressly refers to “violation of any of the provisions of this code relating to the fighting of birds or animals.” (Italics added.)
The order is reversed, with directions to deny the motion.

Before Holmes, P. J., Cole, J., and Alarcon, J.

The section reads: “Any officer authorized to make an arrest under sections 597b as added by Chapter 519 of the Statutes of 1905 or 599a of this code may lawfully take possession of all birds or animals and all paraphernalia, implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals. He shall state to the person in charge thereof at the time of such taking his name and residence. Such officer, after taking possession of such birds, animals, paraphernalia, implements or other property or things, shall file with the magistrate before whom the complaint is made against any person so arrested an affidavit stating therein the name of the person charged in such complaint, a description of the property so taken and the time and place of the taking thereof together with the name of the person for whom the same was taken and *Supp. 17 the name of the person who claims to own such property, if known, and that the affiant has reason to believe and does believe, stating the ground of such belief, that the property so taken was used or employed, or was about to be used or employed, in such violation of such provisions of this code. He shall thereupon deliver the property so taken to such magistrate, who shall, by order in writing, place the same in the custody of an officer or other proper person named and designated in such order, to be kept by him until the conviction or final discharge of such person complained against, and shall send a copy of such order without delay to the district attorney of the county. The officer or person so named and designated in such order shall immediately thereupon assume the custody of such property and shall retain the same, subject to the order of the court before which such person so complained against may be required to appear for trial. Upon the conviction of the person so charged, all property so seized shall be adjudged by the court to be forfeited and shall thereupon be destroyed or otherwise disposed of as the court may order. In the event of the acquittal or final discharge without conviction of the person so charged such court shall, on demand, direct the delivery of such property so held in custody to the owner thereof.”
All section references herein are to sections of the Penal Code.'

Whoever owns, possesses, keeps, or trains any bird or animal, with the intent that such bird or animal shall be engaged in an exhibition of fighting, or is present at any place, building, or tenement, where preparations are being made for an exhibition of the fighting of birds or animals, with the intent to be present at such exhibition, or is present at such exhibition, is guilty of a misdemeanor.”

“Any person who, for amusement or gain, causes any bull, bear, cock, dog, or other animal to fight with like kind or different kind of animal or creature, or with any human being; or who, for amusement or gain, worries or injures any such bull, bear, cock, dog or other animal, or causes any such bull, bear, cock, dog or other animal to worry or injure each other; and any person who permits the same to be done on any premises under his charge or control; and any person who aids, abets, or is present at such fighting or worrying of such animal or creature, as a spectator, is guilty of a misdemeanor.”

The reference to section 597b is puzzling since it is redundant. Any peace officer is authorized to make an arrest for a misdemeanor violation of the cruelty to animal statutes if prescribed conditions arc met. (§§ 597d, 599a and 836.)