[No. C030585. Third Dist. Aug. 28, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
A BLUE CHEVROLET ASTRO et al., Defendants;
GEORGE MAGHONEY et al., Defendants and Appellants.

COUNSEL

Michael L. Ramsey, District Attorney, R. T. Swiecicki and Kevin M. Maloney, Deputy District Attorneys, for Plaintiff and Respondent.

John R. Cogorno for Defendants and Appellants.

## OPINION

DAVIS, J.—This is an in rem civil forfeiture proceeding involving two vehicles seized at a cockfight, pursuant to Penal Code section 599aa (all further references to undesignated statutory sections are to the Penal Code unless otherwise indicated). Under section 599aa, an officer making an arrest under provisions relating to animal or bird fighting "may, lawfully take possession of all birds or animals and all paraphernalia, implements or other property or things used or employed" in the violation of such fighting provisions. Section 599aa further states that upon conviction of the arrested person, "all property . . . seized shall be adjudged by the court to be forfeited . . . ." (§ 599aa, subd. (f).)

We conclude that vehicles that are used merely to transport fighting birds and equipment to the site of the fight—and that are not directly used in animal or bird fighting, or in a fighting exhibition, or in the training of animals or birds to fight, or to inflict pain or cruelty upon animals or birds in respect to such fighting—cannot be seized (other than for standard evidentiary purposes) or forfeited under section 599aa. Consequently, we reverse the judgment of forfeiture here.

### BACKGROUND

The relevant facts are uncontested. They are as follows.

The two vehicles at issue are a Chevrolet Astro minivan (minivan) registered to George and Melba Maghoney, and a Toyota pickup truck (pickup) registered to Pedro Guzman.

Both vehicles were seized, under section 599aa, at a cockfight, which was held in a Butte County olive grove on June 1, 1997. When officers raided the cockfight, the suspects fled and left the vehicles behind.

The driver of the minivan, at the time of the cockfight, was Ralph Garcia, who was never arrested or prosecuted for any offense relating to the cockfight. The driver of the pickup was Ruben Chavez, who was charged and

convicted of violating sections 597b (causing cocks to fight) and 597j (possession of cocks for fighting). The Maghoneys and Guzman, the registered owners of these two respective vehicles (and the appellants herein), were not at the cockfight and had no specific knowledge of the use made of their vehicles; they merely lent their vehicles to others without restriction as to time or location of use.

The two vehicles were used to transport fighting birds and equipment to the site of the cockfight.

## Discussion

The issue is whether vehicles that are used merely to transport fighting birds and equipment to the site of a cockfight can be forfeited pursuant to section 599aa's provision covering "all paraphernalia, implements or other property or things used or employed . . . in the violation of any of the [penal] provisions . . . relating to the fighting of birds or animals." (§ 599aa; Stats. 1975, ch. 1075, § 4, p. 2635.) We conclude that section 599aa does not authorize the forfeiture of such vehicles (such vehicles can be seized and used, however, for evidentiary purposes pursuant to standard procedures covering such seizure and use).

This issue presents a question of statutory interpretation, which we determine independently. (*Simpson v. Unemployment Ins. Comp. Appeals Bd.* (1986) 187 Cal.App.3d 342, 350 [231 Cal.Rptr. 690].) Our function in interpreting a statute is to ascertain legislative intent so as to effectuate the statute's purpose. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Rudd v. California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 952 [268 Cal.Rptr. 624].) In determining legislative intent, we look first to the statute's words and give them their usual and ordinary meaning (unless a special meaning is specifically called for). (*California Teachers Assn., supra,* at p. 698; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) " 'When the language is clear and unambiguous, there is no need for construction. [Citation.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids,' " including the legislative history, the statutory scheme of which the statute is a part, and similar statutory schemes. (*Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist.* (1992) 8 Cal.App.4th 1554, 1562 [11 Cal.Rptr.2d 222], quoting *People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154]; see 58 Cal.Jur.3d (1980) Statutes, § 167, pp. 572-573 [legislation on kindred subjects can be considered in construing a statute].)

■ The version of section 599aa, in effect at the time of the property seizure here (the 1975 version), stated in full: "Any authorized officer making an arrest under Section 597.5 [fighting dogs] shall, and any authorized officer making an arrest under Section 597b [causing animal or bird fighting, or being a spectator] or 599a [search and arrest warrants regarding animal or bird fighting] may, *lawfully take possession of all birds or animals and all paraphernalia, implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals.* He shall state to the person in charge thereof at the time of such taking his name and residence. Such officer, after taking possession of such birds, animals, paraphernalia, implements or other property or things, shall file with the magistrate before whom the complaint is made against any person so arrested an affidavit stating therein the name of the person charged in such complaint, a description of the property so taken and the time and place of the taking thereof together with the name of the person for whom the same was taken and the name of the person who claims to own such property, if known, and that the affiant has reason to believe and does believe, stating the ground of such belief, that the property so taken was used or employed, or was about to be used or employed, in such violation of such provisions of this code. He shall thereupon deliver the property so taken to such magistrate, who shall, by order in writing, place the same in the custody of an officer or other proper person named and designated in such order, to be kept by him until the conviction or final discharge of such person complained against, and shall send a copy of such order without delay to the district attorney of the county. The officer or person so named and designated in such order shall immediately thereupon assume the custody of such property and shall retain the same, subject to the order of the court before which such person so complained against may be required to appear for trial. *Upon the conviction of the person so charged, all property so seized shall be adjudged by the court to be forfeited and shall thereupon be destroyed or otherwise disposed of as the court may order. In the event of the acquittal or final discharge without conviction of the person so charged such court shall, on demand, direct the delivery of such property so held in custody to the owner thereof.*" (Stats. 1975, ch. 1075, § 4, p. 2635, italics added.)

Our focus is on the section 599aa language "other property or things" because a vehicle is not "paraphernalia" or an "implement" of animal or bird fighting. (American Heritage Dict. (2d college ed. 1982) pp. 646, 901 [defining "implement" as a "tool, utensil or instrument," and "paraphernalia" as the "articles used in a given activity; equipment"]; see § 597i [specifically describing cockfighting "implements"].)

The language "other property or things"—in the section 599aa phrase authorizing seizure of "all birds or animals and all paraphernalia, implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals"—is ambiguous. This term reasonably could be interpreted as running the gamut from the smallest of fighting-related personal property to the largest of fighting-related real property. Since cockfights occur on terra firma, arguably real property is more necessary for a cockfight than, say, is a car. Here, an olive grove was used as the setting for the cockfight. Is the olive grove subject to forfeiture under the "other property" terminology of section 599aa? This would certainly give new meaning to the seizure of the fighting "pit." Because the language "other property or things" is susceptible of more than one reasonable interpretation, we need to construe it; in doing so, we look to the extrinsic aids of legislative history, the statutory scheme of which section 599aa is a part, and similar statutory schemes. (*Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist., supra,* 8 Cal.App.4th at p. 1562; see 58 Cal.Jur.3d, *supra,* Statutes, § 167, p. 573.)

Section 599aa was enacted in 1939. (Stats. 1939, ch. 972, § 1, p. 2724.) The 1939 version is almost the same as the 1975 version quoted above, except the 1975 model added to the first sentence the mandatory seizure edict related to the fighting-dog provision of section 597.5. This was in accord with more general 1975 legislation that stiffened the penalties for dog fighting violations. (Stats. 1975, ch. 1075, pp. 2634-2636 (Assem. Bill No. 614).)

The key to deciphering the meaning of the language "other property or things" in the 1975 version of section 599aa, however, lies not with its 1939 ancestor but with its 1997 descendant. Section 599aa was last amended in 1997. (Stats. 1997, ch. 422, § 1.) This amendment did not become formally effective until January 1, 1998 (the in rem forfeiture trial in this case occurred in April 1998, and judgment was entered in July 1998).

The 1997 amendment of section 599aa subdivided the section. The most relevant amended language for our purposes is found in subdivision (a), which states (the amended portions have been italicized): "(a) Any authorized officer making an arrest under Section 597.5 [fighting dogs] shall, and any authorized officer making an arrest under Section 597b [causing animal or bird fighting, or being a spectator], 597c [owning, possessing or training a fighting animal or bird], 597j [owning or possessing a fighting cock], or 599a [search and arrest warrants regarding animal or bird fighting] may, lawfully take possession of all birds or animals and all paraphernalia,

implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals *that can be used in animal or bird fighting, in training animals or birds to fight, or to inflict pain or cruelty upon animals or birds in respect to animal or bird fighting.*" (Subd. (f) of § 599aa reiterates that "[u]pon the conviction of the arrested person, all property seized shall be adjudged by the court to be forfeited . . . ," and that "[i]n the event of the acquittal or final discharge without conviction of the arrested person, the court shall, on demand, direct the delivery of the property held in custody to the owner.")[1]

---

[1]As amended in 1997, section 599aa now provides in full:

"(a) Any authorized officer making an arrest under Section 597.5 shall, and any authorized officer making an arrest under Section 597b, 597c, 597j, or 599a may, lawfully take possession of all birds or animals and all paraphernalia, implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals that can be used in animal or bird fighting, in training animals or birds to fight, or to inflict pain or cruelty upon animals or birds in respect to animal or bird fighting.

"(b) Upon taking possession, the officer shall inventory the items seized and question the persons present as to the identity of the owner or owners of the items. The inventory list shall identify the location where the items were seized, the names of the persons from whom the property was seized, and the names of any known owners of the property.

"Any person claiming ownership or possession of any item shall be provided with a signed copy of the inventory list which shall identify the seizing officer and his or her employing agency. If no person claims ownership or possession of the items, a copy of the inventory list shall be left at the location from which the items were seized.

"(c) The officer shall file with the magistrate before whom the complaint against the arrested person is made, a copy of the inventory list and an affidavit stating the affiant's basis for his or her belief that the property and items taken were in violation of this code. On receipt of the affidavit, the magistrate shall order the items seized to be held until the final disposition of any charges filed in the case subject to subdivision (e).

"(d) All animals and birds seized shall, at the discretion of the seizing officer, be taken promptly to an appropriate animal storage facility. For purposes of this subdivision, an appropriate animal storage facility is one in which the animals or birds may be stored humanely. However, if an appropriate animal storage facility is not available, the officer may cause the animals or birds used in committing or possessed for the purpose of the alleged offenses to remain at the location at which they were found. In determining whether it is more humane to leave the animals or birds at the location at which they were found than to take the animals or birds to an animal storage facility, the officer shall, at a minimum, consider the difficulty of transporting the animals or birds and the adequacy of the available animal storage facility. When the officer does not seize and transport all animals or birds to a storage facility, he or she shall do both of the following:

"(1) Seize a representative sample of animals or birds for evidentiary purposes from the animals or birds found at the site of the alleged offenses. The animals or birds seized as a representative sample shall be transported to an appropriate animal storage facility.

"(2) Cause all animals or birds used in committing or possessed for the purpose of the alleged offenses to be banded, tagged, or marked by microchip, and photographed or videotaped for evidentiary purposes.

Thus, the 1997 amendment to section 599aa expanded the contexts in which seizure can take place. Under the 1975 version of section 599aa, seizure could occur in the arrest context of *causing* animals or birds to fight (§ 597b). To that context, the 1997 amendment added the arrest contexts of *possessing or training* animals or birds to fight (§§ 597c, 597j). The legislative committee reports on the 1997 amendment repeatedly note this expansion. (Sen. Com. on Crim. Procedure, Analysis of Sen. Bill No. 196 (1997-1998 Reg. Sess.) as amended Mar. 5, 1997, pp. 2-3; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 196 (1997-1998 Reg. Sess.) as amended June 19, 1997, pp. 2-3, 5-6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 196 (1997-1998 Reg. Sess.) [proposed amendment] pp. 1, 3-5; Sen. Rules Com., Analysis of Sen. Bill No. 196 (1997-1998 Reg. Sess.) p. 2.) The apparent aim was to reduce fighting by preempting it.

Some of the legislative committee reports on the 1997 amendment to section 599aa express a concern about the expanded seizure contexts of possession and training. (Assem. Com. on Public Safety, Analysis of Sen.

---

"(e)(1) If ownership of the seized animals or birds cannot be determined after reasonable efforts, the officer or other person named and designated in the order as custodian of the animals or birds may, after holding the animals and birds for a period of not less than 10 days, petition the magistrate for permission to humanely destroy or otherwise dispose of the animals or birds. The petition shall be published for three successive days in a newspaper of general circulation. The magistrate shall hold a hearing on the petition not less than 10 days after seizure of the animals or birds, after which he or she may order the animals or birds to be humanely destroyed or otherwise disposed of, or to be retained by the officer or person with custody until the conviction or final discharge of the arrested person. No animal or bird may be destroyed or otherwise disposed of until 4 days after the order.

"(2) Paragraph (1) shall apply only to those animals and birds seized under any of the following circumstances:

"(A) After having been used in violation of any of the provisions of this code relating to the fighting of birds or animals.

"(B) At the scene or site of a violation of any of the provisions of this code relating to the fighting of birds or animals.

"(f) Upon the conviction of the arrested person, all property seized shall be adjudged by the court to be forfeited and shall then be destroyed or otherwise disposed of as the court may order. Upon the conviction of the arrested person, the court may order the person to make payment to the appropriate public entity for the costs incurred in the housing, care, feeding, and treatment of the animals or birds. Each person convicted in connection with a particular animal or bird, excluding any person convicted as a spectator pursuant to Section 597b or 597c, or subdivision (b) of Section 597.5, may be held jointly and severally liable for restitution pursuant to this subdivision. This payment shall be in addition to any other fine or other sentence ordered by the court. The court shall specify in the order that the public entity shall not enforce the order until the defendant satisfies all other outstanding fines, penalties, assessments, restitution fines, and restitution orders. The court may relieve any convicted person of the obligation to make payment pursuant to this subdivision for good cause but shall state the reasons for that decision in the record. In the event of the acquittal or final discharge without conviction of the arrested person, the court shall, on demand, direct the delivery of the property held in custody to the owner. If the owner is unknown, the court shall order the animals or birds to be humanely destroyed or otherwise disposed of."

Bill No. 196 as amended June 19, 1997, *supra*, at pp. 6-7; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 196 [proposed amendment], *supra*, at pp. 3-4.) Apparently against this backdrop, the 1997 amendment included the last three clauses in subdivision (a) to clarify what property has always been subject to seizure. (See *Flewelling v. Board of Trustees* (1960) 178 Cal.App.2d 168, 172 [2 Cal.Rptr. 891] [an expression by the Legislature, in enacting a clarifying amendment to a statute concerning an uncertainty as to the statute's application, may be considered by a court in determining the statute's meaning]; *Eu v. Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289] ["[a]lthough a legislative expression of the intent of an earlier act is not binding upon the courts in their construction of the prior act, that expression may properly be considered" in arriving at "the true legislative intent existing when the prior act was passed"]; see also 58 Cal.Jur.3d, *supra*, Statutes, § 171, pp. 579-581.) The property that may be seized is "all birds or animals and all paraphernalia, implements or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals *that can be used in animal or bird fighting, in training animals or birds to fight, or to inflict pain or cruelty upon animals or birds in respect to animal or bird fighting*." (§ 599aa, subd. (a), italics added.)

. The property which can be seized under section 599aa, therefore, is only that which can be used "*in . . . fighting*," or "*in . . . training . . . to fight*," or "*to inflict pain or cruelty . . . in respect to . . . fighting*." The property which can be seized focuses directly on the prohibited ends of fighting, training to fight, or inflicting pain or cruelty in respect to fighting, and not on the indirect means to those ends. The property subject to seizure, then, is property which is directly used in fighting, or in a fighting exhibition (including all fighting equipment, exhibition materials and proceeds), or in the training of animals or birds to fight, or to inflict pain or cruelty in respect to fighting. While the statutory sections cited in subdivision (a) of the 1997 amended section 599aa—sections 597.5, 597b, 597c, 597j, 599a—speak generally in terms of owning, causing, training, possessing or violating, subdivision (a) itself is phrased more specifically and restrictively regarding the property which may be seized concerning these general activities.

This focus on the ends and not on the means to those ends is illustrated most graphically by the clause, "that can be used in animal or bird fighting." This specific clause clarifies the more general one immediately preceding it—"relating to the fighting of birds or animals." Thus, section 599aa authorizes the seizure of "all paraphernalia, implements or other property or things used or employed . . . in the violation of any of the provisions . . . relating to the fighting of birds or animals *that can be used in animal or bird*

*fighting*[.]" (§ 599aa, italics added.) The clause "that can be used in animal or bird fighting" is almost redundant absent this clarifying focus on items directly used in the prohibited end of fighting; with that clause, section 599aa defines property subject to seizure in relevant part as "other property or things used . . . in [a] violation . . . relating to the fighting of birds or animals that can be used in animal or bird fighting." The other two clauses added in the 1997 amendment of section 599aa, subdivision (a), regarding property used in training to fight, or property used to inflict pain or cruelty in respect to fighting, are in accord with this clarifying focus as well. Support for the view that the 1997 amendment to section 599aa serves to clarify what has always been the law is furthered by section 5, which provides: "The provisions of this Code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments."

Thus, "other property" in section 599aa is in the nature of, or akin to, fighting-related "paraphernalia, implements or . . . things." This view makes sense as a matter of statutory context as well ("paraphernalia, implements or other property or things"). It also accords with other subdivisions of the 1997 amended section 599aa. These subdivisions generally characterize the property that may be seized as "the *items* seized" (§ 599aa, subds. (b), (c), italics added); they discuss extensively what to do with the animals or birds that are seized (subds. (d), (e)); and they state simply that "[u]pon the conviction of the arrested person, all property seized shall be adjudged by the court to be forfeited," and that if the arrested person is not convicted, "the court shall, on demand, direct the delivery of the property held in custody to the owner" (§ 599aa, subd. (f)).

As for the statutory scheme of which section 599aa is a part, a look at section 597b is instructive. Section 597b is cited in section 599aa, subdivision (a), as providing an arrest context. Along with prohibiting the "caus-[ing]" of an animal or bird to fight, section 597b directs its criminal sanction to "any person who permits the same to be done on any premises under his charge or control . . . ." Is this "premises" portion of section 597b to be read together with the "other property" portion of section 599aa to authorize, for example, the forfeiture of an entire farm where the animal or bird fight took place? How can such a result be avoided if "other property" is read broadly to encompass all property used in a violation relating to the fighting of birds or animals? How can the term "other property" be read to include a car used to transport fighting birds or equipment to the fight, but read to exclude the real property used as the site of the fight? As noted, real property is more necessary to a fight and a fighting exhibition than is a car. Our interpretation of "other property" avoids these interpretive quagmires by

using the clarifying statutory language of the 1997 amendment to section 599aa to draw the line at property that is directly used in fighting or in a fighting exhibition, or in the fight training, or to inflict pain or cruelty in respect to fighting.

Another section in the statutory scheme that is instructive is section 597a. Section 597a states in part that "[w]hoever carries or causes to be carried in or upon any vehicle . . . any domestic animal in a cruel or inhuman manner, or knowingly and willfully authorizes or permits it to be subjected to unnecessary torture, suffering, or cruelty of any kind, is guilty of a misdemeanor; and whenever any such person is taken into custody therefor by any officer, such officer must take charge of such vehicle . . . and deposit the same in some place of custody; and any necessary expense incurred for taking care of and keeping the same, is a lien thereon, to be paid before the same can be lawfully recovered; and if such expense, or any part thereof, remains unpaid, it may be recovered, by the person incurring the same, of the owner of such domestic animal, in an action therefor." Although section 597a expressly proscribes cruel or inhuman vehicular transport of animals (and encompasses torture), it provides only for the seizure and not the forfeiture of such vehicles. Against the backdrop of section 597a, it seems incongruous that the language "other property or things" in section 599aa could be invoked to provide for the forfeiture of a vehicle that was used merely to transport fighting birds and equipment to the site of a fight.

The statutory scheme of which section 599aa is a part discloses also that all of the offenses involving fighting animals or birds, except for certain offenses involving fighting dogs, are misdemeanors. (§§ 597b, 597c, 597i, 597j, 597m.) This legislative view of the gravity of these offenses supports the narrower view of "other property or things" that we have adopted.

We find further support for our interpretation of section 599aa's language "other property or things" when we move from the specific language of section 599aa and the statutory scheme of which it is a part to the more general subject of similar forfeiture statutes.

In their treatise on California Criminal Law, Witkin and Epstein offer a wide list of forfeiture statutes akin to section 599aa. A sampling of that list, which expressly includes section 599aa, encompasses:

Section 312—Conviction for possession, sale or distribution of obscene matter ("the court may . . . order any matter or advertisement, in respect whereof the accused stands convicted, destroyed");

Section 480—Conviction for making, possessing or using counterfeiting equipment ("all . . . dies, plates, apparatus, paper, metal, or machine, intended for the purpose aforesaid, must be destroyed");

Section 527—Conviction for printing, typing or distributing court-simulated papers or forms (court may order all such papers destroyed);

Fish and Game Code sections 12161, 12164—Convictions for unlawful taking of certain animals (animals must be forfeited);

Sections 330.3, 330.4, 335a—Slot machines and other illegal gambling devices (may be seized and summarily destroyed);

Sections 12028, 12028.5, 12029—Certain specified unlawfully concealed weapons (firearms, dirks and daggers, switchblade knives, explosive substances other than fixed ammunition, blackjacks, metal knuckles, slingshots, short-barreled shotguns shall be sold at public auction or destroyed);

Business and Professions Code section 25350 et seq.—Seizure and forfeiture of liquor produced or possessed without a license (§ 25350); unlicensed stills or other equipment and materials (§ 25352); vehicle used to transport illegal liquor (§ 25606); and

Fish and Game Code section 8630—Illegal fishing net or trap (proceeding may be brought to forfeit and then sell or destroy). (3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crime, §§ 1421, 1422, pp. 1683-1685; see also § 1420, p. 1683.)

Witkin and Epstein go so far as to say that the objective of these forfeiture statutes is the "destruction of property capable only of illegal use . . . ." (3 Witkin & Epstein, Cal. Criminal Law, *supra*, Punishment for Crime, § 1422, p. 1684.) This sentiment is generally in line with the nature of an in rem civil forfeiture statute and proceeding, although such a proceeding can also be invoked against a generally innocent but illegally used instrumentality (an in rem civil forfeiture action is a proceeding, like here, against the property itself, rather than against any person). (See Understanding Forfeiture and Related Civil Actions in Criminal Law (Practising Law Inst. 1992), Forfeiture: A General Introduction, ch. 1, pp. 10-12, 20-22; *United States v. Ursery* (1996) 518 U.S. 267, 284 [116 S.Ct. 2135, 2145, 135 L.Ed.2d 549, 565] [civil forfeiture proceedings "are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct"]; *People v. $4,413 United States Currency* (1996) 47 Cal.App.4th 1631, 1635-1636 [55 Cal.Rptr.2d 831] [noting *Ursery*'s acknowledgment that "civil forfeiture furthers ' "broad remedial aims," ' such as discouraging unlawful conduct and removing its tools from circulation"]; *Plymouth Sedan v. Pennsylvania* (1965) 380 U.S. 693, 699 [85 S.Ct. 1246, 1250, 14 L.Ed.2d 170, 174] ["There is nothing even remotely criminal in

possessing an automobile. It is only the alleged use to which this particular automobile was put that subjects" it to forfeiture].) In rem civil forfeiture statutes are "generally narrow," providing "for the forfeiture of only one sort of property in conjunction with the commission of only one sort of criminal activity," that is, "for forfeiture of a specific form of property as the consequence of a particular kind of crime"; these statutes are usually written "in a manner which makes it illegal to use certain property in a certain manner . . . ." (Understanding Forfeiture and Related Civil Actions in Criminal Law, *supra*, at pp. 10, 21.)

In line with these general principles, California statutes that authorize the forfeiture of a vehicle are usually specific in this regard. For example, Fish and Game Code section 12157 mandates forfeiture of "any device or apparatus that is used in committing the [specified taking] offense, including . . . any vehicle that is used or intended for use in delivering, importing, or exporting any unlawfully taken, imported, or purchased species." (Fish & G. Code, § 12157, subd. (b).) Under section 25606 of the Business and Professions Code, "any automobile or other vehicle" used to "conceal, convey, carry, or transport any [illegally specified] alcoholic beverages" can be seized and forfeited. And Health and Safety Code section 11470 specifies that the "interest of any registered owner of a boat, airplane, or any vehicle other than an implement of husbandry, . . . which has been used as an instrument to facilitate the manufacture of, or possession for sale or sale of" certain illegal drugs is "subject to forfeiture." (§ 11470, subd. (e).) One reference work in this area observes that the "most familiar example[s]" of in rem civil forfeiture statutes "provide[] for the forfeiture of vehicles, vessels, or aircraft which are used to transport drugs or other contraband" (Understanding Forfeiture and Related Civil Actions in Criminal Law, *supra*, ch. 1, p. 10); the point, though, is that vehicles, vessels or aircraft are specifically mentioned in these forfeiture statutes. (*Id.* at pp. 10, 21, including fns. 6, 25 [see statutes cited therein].)[2]

We conclude that the language "other property or things" in section 599aa refers to property which is directly used in fighting, or in a fighting exhibition (including all fighting equipment, exhibition materials and proceeds), or in the training of animals or birds to fight, or to inflict pain or cruelty upon animals or birds in respect to fighting.

---

[2]Case law interpreting section 599aa is sparse. The annotations to section 599aa list only two cases. (See, e.g., West's Ann. Penal Code (1999 ed.) foll. § 599aa, p. 67.) One of them, *People v. Treadway* (1975) 55 Cal.App.3d Supp. 15 [127 Cal.Rptr. 306], is irrelevant for our purposes. The other, *Jett v. Municipal Court* (1986) 177 Cal.App.3d 664 [223 Cal.Rptr. 111], concluded that a slow-moving, herbivorous tortoise is not a fighting animal subject to forfeiture under section 599aa. In doing so, *Jett* commented that "[w]hile [pursuant to section 599a] any place may be searched and any person arrested in connection with violation of any law relating to dumb animals or birds, only fighting birds or animals and their paraphernalia seized pursuant to a section 599a arrest are subjected to forfeiture under section 599aa." (*Jett*, at p. 669, fn. 4.)

The two vehicles at issue here were used merely to transport fighting birds and equipment to the site of the fight. The record does not show that the vehicles were directly used in the fighting at issue or in fighting generally, or in the fighting exhibition, or in the training of the birds to fight, or to inflict pain or cruelty upon the birds in respect to fighting. Consequently, the vehicles are not subject to forfeiture under section 599aa.

Because of this resolution, we need not discuss appellants' other contentions involving due process, excessive fine, and related constitutional violations.

### Disposition

The judgment is reversed. The matter is remanded to the trial court. The trial court is directed to order the return of the two vehicles at issue to their respective registered owners. Appellants are awarded their costs on appeal.

Scotland, P. J., and Sims, J., concurred.