Opinion
McKAY, J.
order of the trial court reducing the offense against respondent to an infraction is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
Procedural History
The procedural history of this case can be briefly summarized as follows: On November 9, 2001, the Los Angeles District Attorney’s Office (hereinafter appellant) filed a one-count complaint against defendant Wayne Campbell (hereinafter respondent) alleging a misdemeanor violation of Penal Code section 484, subdivision (a),[1] petty theft. On January 2, 2002, at a pretrial hearing, respondent entered a plea of no contest to the charge. On its own motion and over appellant’s objection, but with respondent’s consent, the trial court pursuant to section 17, subdivision (d), reduced the charge to an infraction, and imposed a fine of $100 plus penalty assessments. Timely notice of appeal followed.
Issue on Appeal
The singular issue presented by this appeal is whether the trial court, with the consent of the accused and over the objection of the prosecutor, is authorized by statute to reduce a misdemeanor charge of petty theft to an infraction. We answer this question in the negative and accordingly reverse the order.
Discussion
The process that a reviewing court is mandated to undertake in interpreting a statute is well established. We begin our inquiry with the understanding that our essential responsibility in construing a statute is to ascertain the Legislature’s intent. (People v. Statum (2002) 28 Cal.4th 682, *Supp. 4 689 [122 Cal.Rptr.2d 572, 50 P.3d 355].) Our obvious initial step is to examine the actual language of the statute. (People v. Mom (2000) 80 Cal.App.4th 1217, 1221 [96 Cal.Rptr.2d 172].) In doing so, we are required to give words their ordinary and everyday meaning unless the words are specifically defined by the statute. (People v. Blue Chevrolet Astro (2000) 83 Cal.App.4th 322, 325 [99 Cal.Rptr.2d 609].) Our task ends if the language of the statute is without ambiguity, doubt, or uncertainty because then “[t]heré is nothing [for the court] to ‘interpret’ or ‘construe.’” (Halbert’s Lumber, Inc. v. Lucky Stores, Inc. (1992) 6 Cal.App.4th 1233, 1239 [8 Cal.Rptr.2d 298].) The plain meaning of the statute governs because it is presumed that the Legislature meant what it said. (Lennane v. Franchise Tax Bd. (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)
The second step is to refer to outside materials if the meaning of the words is unclear. When the language is susceptible of more than one interpretation, “we may consider ‘a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.’ ” (People v. Sinohui (2002) 28 Cal.4th 205, 211 [120 Cal.Rptr.2d 783, 47 P.3d 629], quoting People v. Woodhead (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154].)
“The final step . . . is to apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable [citations], . . . [citations], in accord with common sense and justice, and to avoid an absurd result [citations].” (Halbert’s Lumber, Inc. v. Lucky Stores, Inc., supra, 6 Cal.App.4th at pp. 1239-1240.)
Applying the above procedure, our first analytical step is to examine the words in the relevant statutes, using their ordinary and usual meaning to determine if such words are subject to more than one interpretation.
Section 484 defines “theft” as the felonious taking of the property of another. (§ 484, subd. (a).) When the value of the property is $400 or less, the taking is punishable as a misdemeanor with a maximum penalty of six months in the county jail and/or a fine not exceeding $1,000. (§§ 487, subd. (a), 490.) However, under certain conditions, the prosecutor has discretion to file the petty theft charge as an infraction, thereby limiting the maximum penalty to a fine not exceeding $250. (§ 490.1) “Petty theft, where the value of the money, labor, real or personal property taken is of a value which does not exceed fifty dollars ($50), may be charged as a misdemeanor or an infraction, at the discretion of the prosecutor, provided that the person *Supp. 5 charged with the offense has no other theft or theft-related conviction.” (§ 490.1, subd. (a).) In the event the offense is charged as an infraction, it becomes subject to the provisions of sections 17, subdivision (d), 19.6, and 19.7.[2] (§ 490.1, subd. (b).)
Section 17, subdivision (d) provides: “A violation of any code section listed in Section 19.8[3] is an infraction subject to the procedures described in Sections 19.6 and 19.7 when: [f] (1) The prosecutor files a complaint charging the offense as an infraction unless the defendant, at the time he or she is arraigned, after being informed of his or her rights, elects to have the case proceed as a misdemeanor, or; [fj (2) The court, with the consent of the defendant, determines that the offense is an infraction in which event the case shall proceed as if the defendant had been arraigned on an infraction complaint.”
Under a “plain meaning” analysis, this court is required to construe the words of the statute in context and harmonize to the extent possible the provisions that relate to the same subject matter. (Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) Utilizing this rule of statutory construction, we conclude that both section 17, subdivision (d), and section 490.1 are without ambiguity, uncertainty, or doubt, that neither provision is subject to more than one interpretation, and that neither provision can be used to authorize the trial court’s action in this matter.
Section 17, subdivision (d) provides, without qualification or limitation, that any of the offenses listed in section 19.8 may be filed as an infraction by the prosecutor or reduced to an infraction by the court if the defendant agrees to either course of action.
Under section 490.1, when a theft involves property valued at $50 or less and the defendant is free of theft or theft-related convictions, the prosecutor is given the discretion to file the charge as either a misdemeanor or an infraction. If the charge is filed as an infraction, the defendant has the right to object and have the matter proceed as a misdemeanor.
*Supp. 6 If the Legislature had intended to empower the trial court to override the discretionary power that it specifically bestowed only upon the prosecutor with respect to section 490.1, it would have said so. Instead of the words “Any offense charged as an infraction under this section . . . .” (§ 490.1, subd. (b), italics added), it could have used language to the effect of “Any offense as defined under this section . . . .” Moreover, if the Legislature intended to have this crime subject to the identical treatment as those crimes listed in section 19.8, it had a variety of options available for its use. One option would have been to draft section 490.1, subdivision (a), to read that a qualifying theft offense “is subject to the procedure of subdivision (d) of Section 17” rather than a qualifying theft offense “may be charged as a misdemeanor or an infraction, at the discretion of the prosecutor. ” (Italics added.) Another option would have been simply to amend section 19.8 by adding petty theft when the amount involved is less than $50 and the defendant has not suffered any other theft or theft-related conviction.
Respondent’s argument is that to interpret the statutes so as to deny the trial court the authority to reduce a petty theft charge from a misdemeanor to an infraction violates the fundamental rule that statutes should be interpreted to avoid rendering some words surplusage. (See Dyna-Med, Inc. v. Fair Employment & Housing Com., supra, 43 Cal.3d at p. 1387.) Respondent goes on to argue that, because section 490.1 references section 17, subdivision (d), without excluding either (d)(1) or (d)(2), this court cannot assign an interpretation that ignores the language of subdivision (d)(2). Section 17, subdivision (d)(2) gives the corut authority and discretion to reduce a misdemeanor to an infraction with respect to certain code violations, not including section 490.1.
Respondent’s argument does not withstand judicial scrutiny for two reasons. First, the court’s authority under section 17, subdivision (d)(2), is not unfettered but is expressly limited to the crimes that the Legislature has specifically designated in section 19.8. Second, the rule of statutory construction relied upon by respondent applies only if the language of the statute is ambiguous and thus subject to interpretation.
Lastly, even though we conclude that the plain language of the statute does not necessitate a review of extrinsic materials, we nevertheless look to the legislative history to determine whether our literal reading of the statute comports'with its purpose and legislative intent. (California School Employees Assn. v. Governing Board (1994) 8 Cal.4th 333, 340 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) Section 490.1 was added to the Penal Code by Assembly Bill No. 1826 (1991-1992 Reg. Sess.). In addition to enacting section 490.1, the Legislature amended section 19.8 by adding Vehicle Code section *Supp. 7 12500, and Penal Code section 485 (misappropriation of lost property) to the list of misdemeanor crimes that are subject to the discretionary powers of both the prosecutor and the court. Under the doctrine of expressio unius est exclusio alterius,[4] we conclude that the Legislature did not intend to add petty theft to the list of misdemeanors that the trial court could reduce to an infraction.
The order is reversed.
Beverly, P. J., and Lee, J., concurred.

 All further statutory references are to the Penal Code unless otherwise noted.

These code provisions provide that an infraction is not punishable by imprisonment and that a person charged with an infraction is not entitled to a jury trial or court-appointed counsel (unless arrested and not released on bail or written promise to appear) (§ 19.6); and that all laws relating to misdemeanors shall apply to infractions unless otherwise stated (§ 19.7).

Sections 484, 490, and 490.1 are not listed in this statute. Additionally, section 19.8, unlike section 490.1, does not impose any conditions as a prerequisite for an enumerated misdemeanor offense to be filed as an infraction by the prosecutor or to be reduced to an infraction by the court.

“The expression of one thing is the exclusion of another.” (Black’s Law Diet. (7th ed. 1999) p. 602, col.l.)